**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIFENG JIN, | No. 16-73199 |
| Petitioner, | Agency No. A200-798-996 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023**

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Aifeng Jin, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between the documentary evidence and his testimony regarding when he attended a church and who paid his bond, omissions regarding the severity of his beating and his hospital visit, Jin's demeanor, and lack of corroboration. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Barseghyan v. Garland*, 39 F.4th 1138, 1146 (9th Cir. 2022) (lack of documentation was one factor supporting adverse credibility determination); *Manes v. Sessions*, 875 F.3d 1261, 1263-64 (9th Cir. 2017) (agency's demeanor finding was supported where IJ provided "specific, first-hand observations," and an inconsistency between applicant's testimony and documentary evidence undermined credibility); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (petitioner's omissions supported adverse credibility determination where they did not constitute "a mere lack of detail" but "went to the core of his alleged fear"). Jin's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Jin's asylum and withholding of removal claims

fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not address Jin's contentions as to the merits of his asylum and withholding of removal claims because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT protection because Jin's claim was based on the same testimony the agency found not credible, and Jin does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured in China. *See Farah*, 348 F.3d at 1157.

We do not consider the materials Jin references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**